# CHARLESTON.

GREER *v.* WILSON *et al.*

Submitted June 20, 1893.- -Decided November 25, 1893.

1. JUSTICE OF THE PEACE—JURY—VENIRE FACIAS.

    When either party demands a jury, it is error for the justice

without consent of parties to issue a *venire facias* for such jury, before the summons to commence the suit has been served and returned, and the time fixed for the appearance of defendant has arrived.

2. JUSTICE OF THE PEACE—JURY—VENIRE FACIAS—WAIVER.

But where the defendant appears and has the case continued, and the jury thus summoned is adjourned to the time thus set for trial, he will be held to have waived such irregularity in the writ of *venire facias*, it appearing that he was not injured thereby.

R. F. FLEMING for plaintiff in error cited Code, c. 110, s. 2–6; *Id.* c. 50, s. 19, 20, 26, 38, 58, 71–75.

ARMSTRONG & BOGGESS for plaintiff in error cited 30 W. Va. 296; *Id.* 327; *Id.* 333; Code, c. 50, ss. 71, 75, 81.

J. G. SCHILLING, for defendant in error.

HOLT, JUDGE :

This is an appeal from a final order of the judge of the Circuit Court of Roane county, refusing to allow and award defendants, Wilson & McMillan, a writ of *certiorari* to the judgment of plaintiff, J. M. Greer, obtained against them before a justice.

Two grounds of error are assigned : (1) No jury for the trial before the justice was demanded at the time prescribed by law ; but the *venire* was illegally issued on the application of the plaintiff before the return-day of the summons ; and defendants' motion, afterwards made, to quash the *venire facias* should have been sustained by the justice. (2) The verdict of the jury was contrary to the evidence, unjust, and unwarranted ; and defendants' motion for a new trial should have been granted.

The evidence on the trial before the justice is certified and presents no ground for reversal for the second cause of error assigned. In the case of *Hickman* v. *Railroad Co.* 30 W. Va. 296, 303 (4 S. E. Rep. 654 and 7 S. E. Rep. 455) sections 68 and 72 of chapter 50 of the Code are construed as if they were read together, as follows : Section 68: "When a defendant does not appear the plaintiff can not recover without proving his case. The justice if the process has been served on the defendant shall in such case proceed to

hear the allegations and evidence of plaintiff and render judgment as the right shall appear." But (section 72) "either party to a civil action before a justice when the value in controversy or the damages claimed exceed twenty dollars, or the possession of real estate is in controversy, shall be entitled under the regulation herein prescribed to a trial by six jurors, if demanded."

What are "the regulations herein prescribed?" Section 73 : "The demand must be made before the justice has commenced an investigation of the merits of the case by the examination of any witness or the hearing of other evidence." Section 74 : "The party demanding the jury must deposit with the justice six dollars to pay the fees of such jury," *etc.* ; but (section 58) "on the day the summons is returnable the defendant on making oath may demand of right a continuance of the cause for seven days," and, (section 75) "when a jury is to be called, the trial shall be postponed until the time fixed for the return of the jury, which, if neither party show good cause for a later day, shall be on the same day or within the next two days."

If this order in reading these sections is correct, then it is clear as a necessary inference, that the plaintiff had no right to demand or the justice to issue a *venire* for a jury before the return-day of the summons. Why should a defendant who intends, perhaps, to confess judgment for plaintiff's claim of twenty four dollars at the return day have an additional item of six dollars saddled upon him at the discretion of the plaintiff, and he have a right to exercise such discretion, before there can possibly be any need of or use for a jury? But it may be said that plaintiff has no knowledge of such intention on the part of defendant, and that he wants to have a jury ready and waiting for the case to be called. But he knows that defendant, if he make oath that he has a just defence, can demand a continuance of the case for seven days as matter of right and that it is not right to force him into trial on pain of having extra jury charges to pay, no matter how unprepared he may then be to put in properly a statement of his credits or sets-off; so that if he takes the seven days the law allows him to take to hunt up and make out and put in proper

order for filing such statement, he has to do so under this additional penalty of unnecessary costs, which the plaintiff has seen fit to impose *ex parte*, and in advance of any need for it.

But the objection to awarding a *venire* for a jury at the time of or immediately after the issuing of a summons, when there is yet not only no matter in difference for them to try, but when it is not known that the summons can be or will be served at all, stands upon the still higher ground of public policy. There should be no such temptation to the plaintiff to select his own jury, before the defendant even knows that a suit has been commenced. These considerations show very clearly, that the statute should be given its plain common-sense meaning, that a jury of six to try the case should not be ordered to be summoned, until the summons in the suit has been served and returned, and the time fixed for trial has arrived.

But none of these things has any application to this case, for the reason that only three of the six, who were thus summoned *ex parte* in advance, attended; for the record shows that three others helped to make up the jury who tried the case, and that without challenge or objection to them individually; nor is any unfitness or misconduct on the part of this jury alleged or shown. The defendant did not make his motion to quash the *venire*, when the case was first called for trial, but appeared and had it continued for seven days. The jurors summoned were then present in obedience to the summons, and that was the proper time for his motion; and having passed it by he was properly held to have waived it.

There is no error in the record, and the order of the circuit judge refusing the writ of *certiorari* is affirmed.